UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:19-cv-36 |
| RAYMOND PAUL FLIEHMAN and | ) |
| JAN MICHELE FLIEHMAN, | ) |
| | ) |
| Defendants. | ) |

## C O M P L A I N T

Comes now plaintiff, United States of America, on behalf of its agency, the Farm Service Agency, its successors and assigns, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, and states:

### JURISDICTION/VENUE

This Court has jurisdiction pursuant to 28 U.S.C. Section 1345, and venue is properly lodged in this Court.

### COUNT I (Action for Debt)

As claim against the defendants, Raymond Paul Fliehman and Jan Michele Fliehman, the plaintiff asserts:

1.    On or about the date listed thereon, the defendants, Raymond Paul Fliehman and Jan Michele Fliehman, executed and delivered to plaintiff, United States of America, acting through the Farm Service Agency, United States Department of Agriculture the following Promissory Notes (hereinafter referred to as "the Notes") under which they are currently indebted to the United States:

| **Designation** | **Date of Execution** | **Principal Sum** |
|---|---|---|
| Exhibit A | November 15, 2013 | $41,500.00 |
| Exhibit B | November 15, 2013 | $195,000.00 |
| Exhibit C | December 13, 2013 | $47,000.00 |

2.      Said defendants defaulted and failed to make the payments required by the Notes, and/or otherwise defaulted in regard to their obligations to plaintiff under the provisions of Notes.

3.      All conditions precedent to the assertion of this cause of action against the said defendants, have been satisfied and/or occurred.

4.   As of December 6, 2018, Plaintiff is owed, under the provisions of the promissory note, a total unpaid principal balance of $228,839.48 and total unpaid interest of $8,022.61, with interest accruing at the daily rate of $9.1848. Additionally, Plaintiff is owed $150.00 for the cost of lien search, as permitted by the provisions of the Note and security instrument.

**WHEREFORE**, plaintiff respectfully prays that the Court:

A.   Enter judgment **in personam** in favor of the plaintiff and against the defendants, Raymond Paul Fliehman and Jan Michele Fliehman, in the principal amount of $220,816.87 with interest thereon through December 6, 2018, in the sum of $8,022.61, plus interest at the rate of $9.1848 per day from December 7, 2018, until the date of entry of judgment, plus such further costs and expenses as may be incurred to the date of judgment, and all other costs herein, without relief from valuation or appraisement laws.

B.   Provide the plaintiff with such other and further relief as is just and proper in the premises.

### COUNT II (Action to Enforce Security Agreement)

As claim against the defendants, Raymond Paul Fliehman and Jan Michele Fliehman, the plaintiff asserts:

1.      To secure the indebtedness evidenced by Exhibit A, B, and C, the defendants, executed and delivered to plaintiff, United States of America, acting through the Farm Service Agency, the Security Agreements, true and accurate copies of which are attached as Exhibits D and E, on the personal property described therein. The personal property securing the defendants' obligations evidenced by Exhibit A, B and C included, but is not limited to, the property listed in hereto:

| Qty. | Kind | Manufacturer | Size/Year/Type |
|---|---|---|---|
| 1 | Cattle Equipment | | |
| 1 | Gates | Portable cattle handling equipment | |
| 1 | Tub grinder | Kuhn | 5156/2012/SN A0160 |
| 7 | Feed bunks | Various | |

| Qty. | Kind | Breed | Color/Weight/Age |
|---|---|---|---|
| 4 | Bulls | Crossbred | Mixed/black |
| 8 | Cows | Crossbred | Mixed/ black |
| 5 | Heifers | Crossbred | Mixed/black |
| 49 | Cows | Simmental/Anjou | Black |

The security interest of the plaintiff was perfected by the filing of the Financing Statement attached hereto as Exhibit F.

2.      The defendants, Raymond Paul Fliehman and Jan Michele Fliehman, have defaulted in regard to the obligations to plaintiff under the provisions of the Notes and/or Security Agreements, and the entire indebtedness of the defendants is now due.

3.      All conditions precedent to the assertion of this cause of action against the said defendant have been satisfied and/or have occurred.

4.     That the collateral described in rhetorical Paragraph 1 has been unlawfully detained by the defendants in contravention of the rights to possession of that collateral provided to the plaintiff by the Security Agreement described in rhetorical Paragraph 1 and by Article 9 of the Uniform Commercial Code, thereby giving rise to an action for replevin by the plaintiff with respect to that personal property.

**WHEREFORE**, plaintiff respectfully prays that the Court:

A.   That judgment be entered in favor of the plaintiff providing relief with respect to the plaintiff's interest in the personal property described in paragraph 1 above as follows:

1.     Foreclosure of all legal right, title and interest of defendants, in and/or to said personal property, with said personal property to then be sold by judicial sale, with provision for sale as a unit or in separate units pursuant to applicable law and, at the plaintiff's election, with the assistance of an auctioneer; or

2.     For replevin by which the plaintiff receives possession of the property described in paragraph 1 above, for disposition by the plaintiff pursuant to Article 9 of the Uniform Commercial Code.

B.     That if proceeds of the sale are less than the sum of money to be paid to plaintiff, that an **in personam** judgment for this deficiency be entered against the defendants, Raymond Paul Fliehman and Jan Michele Fliehman.

C.   Provide the plaintiff with such other and further relief as is just and proper in the premises.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   /s/ *John E. Childress*
John E. Childress, #15394-49
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

| FSA-2026 (12-05-12) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name RAYMOND PAUL FLIEHMAN & JAN MICHELE FLIEHMAN | 2. State INDIANA | 3. County UNION |
|---|---|---|

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date NOVEMBER 15, 2013 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE OL-BF-Reg-1YR | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☒ Initial loan    ☐ Conservation easement    ☐ Deferred payments

☐ Consolidation    ☐ Rescheduling    ☐ Debt write down

☐ Subsequent loan    ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)* NEW CASTLE, IN or at such other place as the Government may later designate in writing, the principal sum of *(b)* FORTY-ONE THOUSAND FIVE HUNDRED DOLLARS AND NO/100---------- ------------------------------ dollars *(c)* ($ 41,500.00 , plus interest on the unpaid principal balance at the RATE of *(d)* ONE AND ONE HALF percent *(e)* 1.50 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* ONE (1) installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 42,260.00 | 02-01-2015 | $ NA | |
| $ NA | | $ NA | |
| $ NA | | $ NA | |
| $ NA | | $ NA | |

and *(d)* $ 0 thereafter on the *(e)* of each *(f)* until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* TWO (2) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial RPF ∫m∫ Date 11-15-2013

# EXHIBIT A

FSA-2026 (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _RPF_ _JmJ_ Date _11-15-2013_

FSA-2026 (12-05-12)

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

Signature(s) As Described In State Supplement:

As Individuals:

*Raymond Paul Fliehman*
RAYMOND PAUL FLIEHMAN

*Jan Michele Fliehman*
JAN MICHELE FLIEHMAN

4637 E Mitchell Road
Liberty, IN  47353

As Joint Operators:

*Raymond Paul Fliehman*
RAYMOND PAUL FLIEHMAN

*Jan Michele Fliehman*
JAN MICHELE FLIEHMAN

NOTE:  The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Form Approved - OMB No. 0560-0237

This form is available electronically.

*(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)*

| FSA-2026 (12-05-12) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name RAYMOND PAUL FLIEHMAN & JAN MICHELE FLIEHMAN | 2. State INDIANA | 3. County UNION |
|---|---|---|

| 4. Case Number ) | 5. Fund Code | 6. Loan Number | 7. Date NOVEMBER 15, 2013 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE OL-BF-Reg-7YRS | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan    ☐ Conservation easement    ☐ Deferred payments

☐ Consolidation    ☐ Rescheduling    ☐ Debt write down

☒ Subsequent loan    ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)*  NEW CASTLE, IN  or at such other place as the Government may later designate in writing, the principal sum of *(b)*  ONE HUNDRED NINETY-FIVE THOUSAND AND NO/100-------------------- ------------------------------------ dollars *(c)* ($  195,000.00  , plus interest on the unpaid principal balance at the RATE of *(d)*  ONE AND ONE HALF  percent *(e)*  1.50  %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  SEVEN (7)  installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 29,555.00 | 11-15-2014 | $ NA | |
| $ NA | | $ NA | |
| $ NA | | $ NA | |
| $ NA | | $ NA | |

and *(d)* $  29,555.00  thereafter on the *(e)* 15TH OF NOVEMBER  of each *(f)*  YEAR  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  SEVEN (7)  years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial *RPF ClmF*   Date  *11-15-2013*

# EXHIBIT B

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _RPF_  _Jmf_   Date _11-15-2013_

FSA-2026 (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

As Individuals:

_Raymond Paul Fliehman_
RAYMOND PAUL FLIEHMAN

_Jan Michele Fliehman_
JAN MICHELE FLIEHMAN

4637 E Mitchell Road
Liberty, IN  47353

As Joint Operators:

_Raymond Paul Fliehman_
RAYMOND PAUL FLIEHMAN

_Jan Michele Fliehman_
JAN MICHELE FLIEHMAN

NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

This form is available electronically.

Form Approved - OMB No. 0560-0237
*(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)*

| FSA-2026 (12-05-12) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name RAYMOND PAUL FLIEHMAN & JAN MICHELE FLIEHMAN | 2. State INDIANA | 3. County UNION |
|---|---|---|

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date DECEMBER 13, 2013 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE OL-BF-Reg-1YR | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- [ ] Initial loan
- [ ] Conservation easement
- [ ] Deferred payments
- [ ] Consolidation
- [ ] Rescheduling
- [ ] Debt write down
- [x] Subsequent loan
- [ ] Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)* NEW CASTLE, IN 47362 or at such other place as the Government may later designate in writing, the principal sum of *(b)* FORTY-SEVEN THOUSAND DOLLARS AND NO/100----------------------- ------------------------------- dollars *(c)* ($ 47,000.00 , plus interest on the unpaid principal balance at the RATE of *(d)* ONE AND SEVEN EIGHTS percent *(e)* 1.875 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* ONE (1) installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 48,003.00 | 02-01-2015 | $ NA | |
| $ NA | | $ NA | |
| $ NA | | $ NA | |
| $ NA | | $ NA | |

and *(d)* $ 0 thereafter on the *(e)* of each *(f)* until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* TWO (2) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial RPF JMF Date 12·13 2013

# EXHIBIT C

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _RPF_ _Amy_ Date _12·13·2013_

FSA-2026 (12-05-12)

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

Signature(s) As Described In State Supplement:

As Individuals:

*Raymond Paul Fliehman*
RAYMOND PAUL FLIEHMAN

*Jan Michele Fliehman*
JAN MICHELE FLIEHMAN

4637 E Mitchell Road
Liberty, IN  47353

As Joint Operators:

*Raymond Paul Fliehman*
RAYMOND PAUL FLIEHMAN

*Jan Michele Fliehman*
JAN MICHELE FLIEHMAN

NOTE:  The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

This form is available electronically.

Form Approved - OMB No. 0560-0238
*(See Page 7 for Privacy Act and Public Burden Statements).*

| FSA-2028 | U.S. DEPARTMENT OF AGRICULTURE | Position 1 |
|---|---|---|
| (09-03-10) | Farm Service Agency | |

## SECURITY AGREEMENT

1. THIS SECURITY AGREEMENT, dated *(a)* _____ NOVEMBER 15, 2013 _____ , is made between the United States of America, acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and *(b)* _____

RAYMOND PAUL FLIEHMAN and JAN MICHELE FLIEHMAN

(Debtor), whose mailing address is *(c)*    4637 E MITCHELL RD., LIBERTY, IN   47353-8836

2. BECAUSE Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

NOW THEREFORE, in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

DEBTOR GRANTS to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial *RPF JMF* Date __11-15-2013__

# EXHIBIT D

FSA-2028 (09-03-10)                                                                    Page 2 of 7

*(b)* All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1)<br>Farm or Other Real Estate Owner | (2)<br>Approximate<br>Number of Acres | (3)<br>County and State | (4)<br>Approximate Distance and<br>Direction from Named Town or<br>Other Description |
|---|---|---|---|
| Paul Fliehman | 33 | Wayne, IN | 3 Mi W Richmond<br>Airport |
| Raymond Paul Fliehman | 6 | Union, IN | 5 Mi N of Liberty |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial *RPF* ~~AMF~~ Date   *11-15-2013*

FSA-2028 (09-03-10)

(e) All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

## 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

(a) Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except (1) any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; (2) any applicable landlord's statutory liens; and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b) Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will (1) use the loan funds for the purposes for which they were or are advanced; (2) comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; (3) care for and maintain collateral in a good and husbandlike manner; (4) insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; (5) permit Secured Party to inspect the collateral at any reasonable time; (6) not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; (7) not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and (8) maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c) Debtor will pay promptly when due all (1) indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; (2) rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; (3) filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and (4) fees and other charges now or later required by regulations of the Secured Party.

(d) Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e) Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f) Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g) All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h) In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial  RPF  AmS  Date  11-15-2013

## 4. IT IS FURTHER AGREED THAT:

(a) Until default, Debtor may retain possession of the collateral.

(b) Default shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

    (1) Secured Party, at its option, with or without notice as permitted by law may (a) declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; (b) enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and (c) exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

    (2) Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and (b) waives all notices, exemptions, compulsory disposition and redemption rights;

    (3) A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c) Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d). It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e) Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly WAIVES the benefit of any such State laws.

(f) Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g) This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h) If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

Initial _RPF_ _cmd_ Date _11-15-2013_

FSA-2028 (09-03-10)                                                                                     Page 7 of 7

(i) The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

(j) If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan. The provisions of this paragraph do not apply if the Note secured by this Security Agreement is for a Conservation Loan.

(k) Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l) **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

5. CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

| 6A.  Signature of Individual Applicant or Authorized Entity Representatives | 6B.  Date |
|---|---|
| *Raymond Paul Fliehman* <br> RAYMOND PAUL FLIEHMAN <br><br> *Jan Michele Fliehman* <br> JAN MICHELE FLIEHMAN | 11-15-13 |

NOTE:   *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0238.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).*

*To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.*

This form is available electronically.

Form Approved - OMB No. 0560-0238
*(See Page 7 for Privacy Act and Public Burden Statements)*

FSA-2028
(09-03-10)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 1

## SECURITY AGREEMENT

1. THIS SECURITY AGREEMENT, dated *(a)*___December 13, 2013_____ , is made between the United States of America, acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and *(b)*_____
___RAYMOND PAUL FLIEHMAN, JAN MICHELE FLIEHMAN_____

(Debtor), whose mailing address is (c)_____
___4637 E MITCHELL RD, LIBERTY, IN 47353-8836_____

2. BECAUSE Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

NOW THEREFORE, in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

DEBTOR GRANTS to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial *RPF JMF* Date *12·13·2013*

# EXHIBIT E

FSA-2028 (09-03-10)

(b)  All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1)<br>Farm or Other Real Estate Owner | (2)<br>Approximate<br>Number of Acres | (3)<br>County and State | (4)<br>Approximate Distance and Direction<br>from Named Town or Other<br>Description |
|---|---|---|---|
| Paul Fliehman | 33 | WAYNE, IN | 3 Mi W Richmond Airport |
| Paul Fliehman | 6 | UNION, IN | |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial _RPF_ _JMS_ Date _12-13-2013_

FSA-2028 (09-03-10)

(d)  All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)* __INDIANA__ :

| (2) Line No. | (3) Quantity | (4) Kind or Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Cattle - Beef - Breeding Bulls | | | | | |
| 2 | 3 | Cattle - Beef - Breeding Bulls | | | | | |
| 3 | 8 | Cattle - Beef - Breeding Cows | | | | | |
| 4 | 3 | Cattle - Beef - Breeding Heifers | | | | | |
| 5 | 2 | Cattle - Beef - Breeding Heifers | | | | | |
| 6 | 1 | Cattle - Beef - Calves | | | | | |
| 7 | 49 | Cattle - Beef - Breeding Cows - cow/calf pr. | simm/angus | black | | | |

Initial _RPF_ _JMF_ Date _12·13·2013_

FSA-2028 (09-03-10)

(e)   All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

## 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT :

(a)   Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b)   Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c)   Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d)   Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e)   Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f)   Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g)   All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h)   In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial _RPF_  _Amf_  Date _12·13·2013_

FSA-2028 (09-03-10)

4. IT IS FURTHER AGREED THAT :

(a) Until default, Debtor may retain possession of the collateral.

(b) Default shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

(1) Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

(2) Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

(3) A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c) Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d) It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e) Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly WAIVES the benefit of any such State laws.

(f) Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g) This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h) If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

Initial __RPF__ __Amt__ Date __12·13·2013__

FSA-2028 (09-03-10)                                                                                                          Page 7 of 7

(i)   The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and
      assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are
      joint and several and shall bind personal representatives, heirs, successors, and assigns.

(j)   If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at
      reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request,
      apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security
      Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan. The
      provisions of this paragraph do not apply if the Note secured by this Security Agreement is for a Conservation Loan.

(k)   Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any
      covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of
      such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l)   SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS
      SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE
      STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY
      CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW .

5.  CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good
faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false
statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested
action.)*

6A. *Raymond Paul Fliehman*                         6B. *(Date)* 12-13-2013
      RAYMOND PAUL FLIEHMAN

      *Jan Michele Fliehman*                              *(Date)* 12-13-2013
      JAN MICHELE FLIEHMAN

NOTE:  *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for
       requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C.
       1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing
       of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local
       government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by
       statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for
       USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested
       information may result in a denial of loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of
       criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

       *According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to
       respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this
       information collection is 0560-0238. The time required to complete this information collection is estimated to average 20
       minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining
       the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR
       COUNTY FSA OFFICE.*

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and
where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an
individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means
for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).*

*To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue,
S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-
6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

# UCC FINANCING STATEMENT

## NAME OF CONTACT AT FILER
JULIE WILLIAMS

Indiana Secretary of State
201300009869644
Nov 5 2013 8:00 AM

## EMAIL ADDRESS
JULIE.WILLIAMS@IN.USDA.GOV

## DEBTOR'S EXACT FULL LEGAL NAME

| INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| FLIEHMAN | RAYMOND | PAUL | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 4637 E MITCHELL ROAD | LIBERTY | IN | 47353 | USA |

## DEBTOR'S EXACT FULL LEGAL NAME

| INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| FLIEHMAN | JAN | MICHELE | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 4637 E MITCHELL ROAD | LIBERTY | IN | 47353 | USA |

## SECURED PARTY'S NAME

### ORGANIZATION'S NAME
FARM SERVICE AGENCY, FARM LOAN PROGRAMS

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 146 E CR 200 N, SUITE A | NEW CASTLE | IN | 47362 | USA |

## THIS FINANCING STATEMENT covers the following collateral:

CROPS, LIVESTOCK, OTHER FARM PRODUCTS, FARM AND OTHER EQUIPMENT, SUPPLIES, INVENTORY, ACCOUNTS, CONTRACT RIGHTS, NOW OWNED AND HEREAFTER ACQUIRED.  DISPOSITION OF SUCH COLLATERAL IS NOT HEREBY AUTHORIZED.

# EXHIBIT F

# UCC FINANCING STATEMENT

**NAME OF CONTACT AT FILER**
LORI MCGOWAN

Indiana Secretary of State
201300010737468
Dec 6 2013 3:15PM

**EMAIL ADDRESS**
LMCGOWAN@MIDWESTAG.COM

**INITIAL FINANCING STATEMENT FILE #**

201300007595941

**TERMINATION Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.**

**NAME OF PARTY OF RECORD AUTHORIZING THIS AMENDMENT**

**ORGANIZATION'S NAME**
MIDWEST AG FINANCE

# UCC FINANCING STATEMENT

**NAME OF CONTACT AT FILER**
TREVA REIBOLDT

**EMAIL ADDRESS**
TREIBOLDT@MIDWESTAG.COM

---

## DEBTOR'S EXACT FULL LEGAL NAME

| INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| FLIEHMAN | RAYMOND | PAUL | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 4637 E. MITCHELL ROAD | LIBERTY | IN | 47353 | |

---

## DEBTOR'S EXACT FULL LEGAL NAME

| INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| FLIEHMAN | JAN | MICHELE | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 4637 E. MITCHELL ROAD | LIBERTY | IN | 47353 | |

---

## SECURED PARTY'S NAME

**ORGANIZATION'S NAME**
MIDWEST AG FINANCE

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 210 E. US HWY 52, P.O. BOX 736 | RUSHVILLE | IN | 46173 | |

---

## THIS FINANCING STATEMENT covers the following collateral:

ALL INVENTORY, ACCOUNTS, EQUIPMENT, GENERAL INTANGIBLES, FARM PRODUCTS, LIVESTOCK (INCLUDING ALL INCREASE AND SUPPLIES) AND FARM EQUIPMENT; WHETHER ANY OF THE FOREGOING IS OWNED NOW OR ACQUIRED LATER; WHETHER ANY OF THE FOREGOING IS NOW EXISTING OR HEREAFTER BORN OR GROWN; ALL ACCESSIONS, ADDITIONS, REPLACEMENTS, AND SUBSTITUTIONS RELATING TO ANY OF THE FOREGOING (INCLUDING ALL ENTITLEMENTS, RIGHTS TO PAYMENT, AND PAYMENTS, IN WHATEVER FORM RECEIVED, INCLUDING BUT NOT LIMITED TO, PAYMENTS UNDER ANY GOVERNMENTAL AGRICULTURAL DIVERSION PROGRAMS, GOVERNMENTAL AGRICULTURAL ASSISTANCE PROGRAMS, THE FARM SERVICES AGENCY WHEAT FEED GRAIN PROGRAM, AND ANY OTHER SUCH PROGRAM OF THE UNITED STATES DEPARTMENT OF AGRICULTURE, OR ANY OTHER GENERAL INTANGIBLES OR PROGRAMS); ALL RECORDS OF ANY KIND RELATING TO ANY OF THE FOREGOING; ALL PROCEEDS RELATING TO ANY OF THE FOREGOING (INCLUDING INSURANCE, GENERAL INTANGIBLES AND OTHER ACCOUNTS PROCEEDS).

# INDIANA SECRETARY OF STATE
## UNIFORM COMMERCIAL CODE DIVISION
## DEBTOR SEARCH CERTIFICATE

INDIANA SECRETARY OF STATE
BUSINESS SERVICES DIVISION
302 West Washington Street, Room E018
Indianapolis, IN 46204
http://www.sos.in.gov

July 29, 2016

| | |
|---|---|
| Requested Debtor Name: | **Surname: FLIEHMAN  First Personal Name: JAN  Additional Name(s)/Initial(s):** |
| Requested Address: | **Not Requested** |
| Lapsed Filings: | **Requested** |
| Copies: | **Requested** |

**L: FLIEHMAN  F: JAN  M: MICHELE  S:**  4637 E. MITCHELL ROAD , LIBERTY , IN 47353

SP: MIDWEST AG FINANCE    210 E. US HWY 52, P.O. BOX 736, RUSHVILLE , IN 46173

| | | | |
|---|---|---|---|
| File # 201300007595941 | Filed: 08/19/2013 10:57:00 | Lapse: 08/19/2018 | # Pages: 1 |
| Amd # 201300010737468 | Filed: 12/06/2013 | Type: Termination | # Pages: 1 |

**L: FLIEHMAN  F: JAN  M: MICHELE  S:**  4637 E MITCHELL ROAD , LIBERTY , IN 47353

SP: FARM SERVICE AGENCY, FARM LOAN PROGRAMS    146 E CR 200 N, SUITE A, NEW CASTLE , IN 47362

| | | | |
|---|---|---|---|
| File # 201300009869644 | Filed: 11/05/2013 08:00:00 | Lapse: 11/05/2018 | # Pages: 1 |

The undersigned Filing Officer hereby certifies that the above certificate, within a reasonable degree of certainty, is a record
of all presently effective UCC financing statements which include the requested debtor name and which were filed in this
office through 07/20/2016.

*Connie Lawson*

Connie Lawson,
Indiana Secretary of State

| | | |
|---|---|---|
| Copies limited by: | Requested Address: | Not Requested |
| | From Date: | Not Requested |
| | Secured Party: | Not Requested |
| | Face Pages Only: | Not Requested |

Certificate # 2016072925264, Page 1 of 1

# INDIANA SECRETARY OF STATE
## UNIFORM COMMERCIAL CODE DIVISION
## DEBTOR SEARCH CERTIFICATE

INDIANA SECRETARY OF STATE
BUSINESS SERVICES DIVISION
302 West Washington Street, Room E018
Indianapolis, IN 46204
http://www.sos.in.gov

July 29, 2016

| Requested Debtor Name: | Surname: FLIEHMAN  First Personal Name: RAYMOND  Additional Name(s)/Initial(s): |
|---|---|
| Requested Address: | Not Requested |
| Lapsed Filings: | Requested |
| Copies: | Requested |

---

**L: FLIEHMAN  F: RAYMOND  M: PAUL  S:**  4637 E. MITCHELL ROAD , LIBERTY , IN 47353

SP: MIDWEST AG FINANCE    210 E. US HWY 52, P.O. BOX 736, RUSHVILLE , IN 46173

| File # 201300007595941 | Filed: 08/19/2013  10:57:00 | Lapse: 08/19/2018 | # Pages: 1 |
|---|---|---|---|
| Amd # 201300010737468 | Filed: 12/06/2013 | Type: Termination | # Pages: 1 |

**L: FLIEHMAN  F: RAYMOND  M: PAUL  S:**  4637 E MITCHELL ROAD , LIBERTY , IN 47353

SP: FARM SERVICE AGENCY, FARM LOAN PROGRAMS    146 E CR 200 N, SUITE A, NEW CASTLE , IN 47362

| File # 201300009869644 | Filed: 11/05/2013  08:00:00 | Lapse: 11/05/2018 | # Pages: 1 |
|---|---|---|---|

---

The undersigned Filing Officer hereby certifies that the above certificate, within a reasonable degree of certainty, is a record of all presently effective UCC financing statements which include the requested debtor name and which were filed in this office through 07/20/2016.

*Connie Lawson*

Connie Lawson,
Indiana Secretary of State

---

| Copies limited by: | Requested Address: | Not Requested |
|---|---|---|
| | From Date: | Not Requested |
| | Secured Party: | Not Requested |
| | Face Pages Only: | Not Requested |

 United States
Department of
Agriculture

Farm and Foreign
Agricultural
Services

Farm
Service
Agency

Indiana State FSA Office
5981 Lakeside Blvd.
Indianapolis, IN 46278
317-290-3030  FAX 855-374-4068
317-295-5799 TDD

CERTIFIED MAIL
7015 0640 0004 2906 0923

March 16, 2016

Jan Michelle Fliehman
4637 E. Mitchell Road
Liberty, IN 47353

Subject: <u>NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE
AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT</u>

Dear Mrs. Fliehman:

PLEASE NOTE that the entire indebtedness due on the promissory notes which evidence the
loans received by you from the United States of America, acting through the Farm Service
Agency, United States Department of Agriculture, is now declared immediately due and payable.
They are described as follows:

| Debt Instrument | Date of Instrument | Original Amount |
|---|---|---|
| Promissory Note | 11/15/2013 | $ 41,500.00 |
| Promissory Note | 11/15/2013 | $ 195,000.00 |
| Promissory Note | 12/13/2013 | $ 47,000.00 |

The promissory notes are secured by a security agreement and financing statement described and
perfected as follows:

| Security Instrument | Date | Recording Office | Recording Information |
|---|---|---|---|
| UCC-1 | 11/5/2013 | Secretary of State | 201300009869644 |

The acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instruments.

The reason for the acceleration of your indebtedness is as follows:

Monetary Default: Your loan account is delinquent, the result of the non-payment of installments
due on both January 1, 2015 and January 1, 2016.  The $41,500 loan and the $47,000 loan have
both matured and you are delinquent on the $195,000 loan.

The indebtedness due is **$232,480.71** unpaid principal, and **$4,801.77** unpaid interest as

EXHIBIT  G

of **March 16, 2016,** plus additional interest accruing at the rate of **$ 9.7865** per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances and any shared appreciation.  Unless full payment of your indebtedness is received, made by one of the methods described below, **within 30 days** from the date of this letter, the United States will  foreclose the above described security instrument and pursue any other available remedies.

Full payment may be made in any of the following ways:

(A) CASH

Payment should be made by cashier's check, certified check or postal money order payable to the Farm Service Agency and delivered to the FSA Farm Loan Manager at 146 E County Rd. 200 N, New Castle, IN 47362.  If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment WILL NOT CANCEL the effect of this notice.  If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

(B) TRANSFER AND ASSUMPTION

Subject to FSA approval, you may transfer the collateral for your loan to someone who is eligible for FSA assistance and is willing and able to assume this debt.  Contact the Farm Loan Manager immediately if you are interested in this.

(C) SALE

You may sell the collateral for your loan for its market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien.  Contact the Farm Loan Manager immediately if you are interested in this.

If you have not been advised of your rights to request deferral of payments or other servicing options you should contact the Farm Loan Manager at the above-mentioned address within 15 days of the receipt of this notice.

If you fail to comply with the requirements outlined in this notice within the **next 30 days**, the United States plans to proceed with foreclosure/liquidation.  I can be reached at 317-290-3030, extension 5917, if you have questions.

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE YOUR FSA DEBTS.

UNITED STATES OF AMERICA

By _____
Julia A. Wickard
State Executive Director
Indiana State FSA Office
United States Department of Agriculture

cc: Farm Loan Manager/Henry County Regional Office
    District Director/Herr

AA

The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the bases of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited bases will apply to all programs and/or employment activities.) Persons with disabilities, who wish to file a program complaint, write to the address below or if you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). Individuals who are deaf, hard of hearing, or have speech disabilities and wish to file either an EEO or program complaint, please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov. USDA is an equal opportunity provider and employer.

 **USDA**   United States
Department of
Agriculture

Farm and Foreign
Agricultural
Services

Farm
Service
Agency

Indiana State FSA Office
5981 Lakeside Blvd.
Indianapolis, IN 46278
317-290-3030  FAX 855-374-4068
317-295-5799 TDD

CERTIFIED MAIL
7015 0640 0004 2906 0909
March 16, 2016

Raymond Paul Fliehman
4637 E. Mitchell Road
Liberty, IN 47353

Subject: <u>NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE
AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT</u>

Dear Mr. Fliehman:

PLEASE NOTE that the entire indebtedness due on the promissory notes which evidence the
loans received by you from the United States of America, acting through the Farm Service
Agency, United States Department of Agriculture, is now declared immediately due and payable.
They are described as follows:

| Debt Instrument | Date of Instrument | Original Amount |
|---|---|---|
| Promissory Note | 11/15/2013 | $ 41,500.00 |
| Promissory Note | 11/15/2013 | $ 195,000.00 |
| Promissory Note | 12/13/2013 | $ 47,000.00 |

The promissory notes are secured by a security agreement and a financing statement described
and perfected as follows:

| Security Instrument | Date | Recording Office | Recording Information |
|---|---|---|---|
| UCC-1 | 11/5/2013 | Secretary of State | 201300009869644 |

The acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instruments.

The reason for the acceleration of your indebtedness is as follows:

Monetary Default: Your loan account is delinquent, the result of the non-payment of installments
due on both January 1, 2015 and January 1, 2016.  The $41,500 loan and the $47,000 loan have
both matured and you are delinquent on the $195,000 loan.

The indebtedness due is **$232,480.71** unpaid principal, and **$4,801.77** unpaid interest as
of **March 16, 2016**, plus additional interest accruing at the rate of **$ 9.7865** per day thereafter,

plus any advances made by the United States for the protection of its security and interest accruing on any such advances and any shared appreciation. Unless full payment of your indebtedness is received, made by one of the methods described below, **within 30 days** from the date of this letter, the United States will foreclose the above described security instrument and pursue any other available remedies.

Full payment may be made in any of the following ways:

(A) CASH

Payment should be made by cashier's check, certified check or postal money order payable to the Farm Service Agency and delivered to the FSA Farm Loan Manager at 146 E County Rd. 200 N, New Castle, IN 47362. If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment WILL NOT CANCEL the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

(B) TRANSFER AND ASSUMPTION

Subject to FSA approval, you may transfer the collateral for your loan to someone who is eligible for FSA assistance and is willing and able to assume this debt. Contact the Farm Loan Manager immediately if you are interested in this.

(C) SALE

You may sell the collateral for your loan for its market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien. Contact the Farm Loan Manager immediately if you are interested in this.

If you have not been advised of your rights to request deferral of payments or other servicing options you should contact the Farm Loan Manager at the above-mentioned address within 15 days of the receipt of this notice.

If you fail to comply with the requirements outlined in this notice within the **next 30 days**, the United States plans to proceed with foreclosure/liquidation. I can be reached at 317-290-3030, extension 5917, if you have questions.

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE YOUR FSA DEBTS.

UNITED STATES OF AMERICA

By _Julia A. Wickard_
Julia A. Wickard
State Executive Director
Indiana State FSA Office
United States Department of Agriculture

cc: Farm Loan Manager/Henry County Regional Office
    District Director/Herr

AA

The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the bases of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited bases will apply to all programs and/or employment activities.) Persons with disabilities, who wish to file a program complaint, write to the address below or if you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). Individuals who are deaf, hard of hearing, or have speech disabilities and wish to file either an EEO or program complaint, please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov. USDA is an equal opportunity provider and employer.

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**  County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
        Plaintiff

❏ 2   U.S. Government
        Defendant

❏ 3   Federal Question
        *(U.S. Government Not a Party)*

❏ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>❏ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br>     Liability<br>❏ 320 Assault, Libel &<br>     Slander<br>❏ 330 Federal Employers'<br>     Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br>     Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br>     Product Liability<br>❏ 360 Other Personal<br>     Injury<br>❏ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury  -<br>     Product Liability<br>❏ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>❏ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br>     Property Damage<br>❏ 385 Property Damage<br>     Product Liability | ❏ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br>     28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 375 False Claims Act<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/<br>     Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information<br>     Act<br>❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure<br>     Act/Review or Appeal of<br>     Agency Decision<br>❏ 950 Constitutionality of<br>     State Statutes |
| ❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | ❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/<br>     Accommodations<br>❏ 445 Amer. w/Disabilities -<br>     Employment<br>❏ 446 Amer. w/Disabilities -<br>     Other<br>❏ 448 Education | **Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate<br>     Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | ❏ 710 Fair Labor Standards<br>     Act<br>❏ 720 Labor/Management<br>     Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical<br>     Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement<br>     Income Security Act | ❏ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>❏ 871 IRS—Third Party<br>     26 USC 7609<br><br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration<br>     Actions | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
        Proceeding

❏ 2   Removed from
        State Court

❏ 3   Remanded from
        Appellate Court

❏ 4   Reinstated or
        Reopened

❏ 5   Transferred from
        Another District
        *(specify)*

❏ 6   Multidistrict
        Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

❏  CHECK IF THIS IS A **CLASS ACTION**
     UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S)
        IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| United States of America ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff(s)* ) | Civil Action No. 1:19-cv-36 |
| v. ) | |
| ) | |
| Raymond Paul Fliehman, et al ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Raymond Paul Fliehman
4637 East Mitchell Road
Liberty, IN 47353

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                         *Server's signature*

                                 _____
                                         *Printed name and title*

                                 _____
                                         *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| United States of America <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> Raymond Paul Fliehman, et al <br><br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.  1:19-cv-36

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Raymond Paul Fliehman
4185 US Hwy 27 South
Richmond, IN 47374

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| | ) |
| Raymond Paul Fliehman, et al | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No.   1:19-cv-36

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Jan M. Fliehman
4637 East Mitchell Road
Liberty, IN 47353

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____          _____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )    Civil Action No.  1:19-cv-36 |
| Raymond Paul Fliehman, et al | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Jan Michelle Fliehman
4185 US Hwy 27 South
Richmond, IN 47374

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                         *Server's signature*

                                      _____
                                         *Printed name and title*

                                      _____
                                         *Server's address*

Additional information regarding attempted service, etc: